NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIRECTV, Inc., a California Corporation | : | |
| Plaintiff, | : | Civil 03-4351 (SRC) |
| v. | : | **Opinion and Order** |
|  | : | **of Default Judgment** |
| ANTHONY DIPIETRO, et. al., | : | |
| Defendants. | : | |

**CHESLER, District Judge**

      This matter having come before the Court on Plaintiff DIRECTV's Motion for Default Judgment against Defendant John O'Brien[1] [docket #16]; and

      **IT APPEARING** that Plaintiff DIRECTV ("Plaintiff") filed the Complaint in this matter on or about September 12, 2003, that a copy of the summons and complaint were properly served upon Defendant John O'Brien (the "Defendant") on or about September 25, 2003, and that no answer has yet been filed; and it further

      **APPEARING** that Plaintiff filed a request for entry of default against the

---

[1] Although the motion for default judgment was filed against both Defendant Anthony DiPietro and Defendant John O'Brien, counsel for the Plaintiff and counsel for Defendant Anthony DiPietro subsequently consented to the Court vacating the default as to Anthony DiPietro only. Therefore, this Opinion and Order will only address Defendant John O'Brien.

Defendant on May 19, 2004, and that the Clerk of the Court entered default as to Defendant John O'Brien for failure to plead on or about July 14, 2004; and it further

**APPEARING** that Plaintiff filed the instant Motion for Default Judgment on or about February 24, 2005, requesting relief under 47 U.S.C. § 605 and 18 U.S.C. § 2511; and it further

**APPEARING** that Plaintiff alleged in its complaint that: (1) Defendant possessed and used an "Unlooper" (an illegal piece of equipment designed to modify or circumvent DIRECTV's signal-scrambling technology) knowing or having reason to know that its design rendered it primarily useful for surreptitiously intercepting DIRECTV's satellite transmissions of television programming, and (2) Defendant received or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization (Complaint at ¶¶ 16, 20); and it further

**APPEARING** that Plaintiff seeks injunctive relief but not monetary damages against Defendant for violation of 47 U.S.C. § 605 (Pl. Br. at 4, n.4); and it further

**APPEARING** that Signals of a system such as DIRECTV are solely communicated through satellite with the signals traveling from the space satellite directly to a receiving dish at the person's home, and as such section 605(a) applies here, DirecTV, Inc. v. Decroce, 332 F. Supp. 2d 715, 718 (D.N.J. 2004); and it further

**APPEARING** that 47 U.S.C. § 605(e)(3)(B)(i) provides that a Court "may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section"; and it further

**APPEARING** that Plaintiff seeks monetary damages in the amount of $10,000

pursuant to 18 U.S.C. § 2520 for Defendant's violation of § 2511 (Pl. Br. at 4); and it further

APPEARING that Section 2511(1)(a) provides that a person violates the provision if they intentionally "intercept," "endeavor to intercept," or "procure any other person to intercept or endeavor to intercept" an electronic communication; and it further

APPEARING that a civil cause of action for violations of section 2511 is well established in this District and indeed this Court has ruled that DIRECTV may bring a cause of action for violations of the section.  See DIRECTV, Inc. v. Seijas, 03-cv-2429 (D.N.J., Order, April 6, 2004); DIRECTV, Inc. v. McQueeney, 03-cv-5250 (D.N.J. , Order, April 7, 2004)

APPEARING that 18 U.S.C. § 2520(c)(2)(B) authorizes the Court to award "the greater of $100 a day for each day of violation or $10,000"; and it further

APPEARING that although the Court only has a choice between these two remedies and no amount in between, the decision to award any damages at all is discretionary, See DIRECTV v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); In re DIRECTV, Inc., 2004 U.S. Dist. LEXIS 24263, at *32-33 (N.D. Cal. July 26, 2004); and it further

APPEARING that in the present case, there is no indication as to how many days Defendant intercepted DIRECTV satellite transmissions and the Court recognizes this information would be difficult, if not impossible, to obtain, and that the flat award of $10,000 is therefore more appropriate; and it further

APPEARING that Plaintiff additionally seeks to recover its costs and attorneys'

fees in the amount of $710.40; and it further

**APPEARING** that 18 U.S.C. § 2050(b)(3) provides that appropriate relief may include "a reasonable attorney's fee and other litigation costs reasonably incurred";

IT IS on this 21st day of June, 2005, hereby

**ORDERED** that Plaintiff's requested relief pursuant 47 U.S.C. § 605(a) is GRANTED; and it is further

**ORDERED** that Defendant O'Brien is permanently enjoined from committing or assisting in the commission of any violation of 47 U.S.C. § 605 and 18 U.S.C. § 2511; and it is further

**ORDERED** that Plaintiff requested relief pursuant to 18 U.S.C. § 2520 for Defendant's violation of § 2511 is GRANTED; and it is further

**ORDERED** that Plaintiff is awarded $10,000.00 in statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B), plus post-judgment interest at the legal rate in effect to accrue thereon from the date of this judgment until paid ; and it is further

**ORDERED** that Plaintiff is awarded $710.40 in litigation costs pursuant to 18 U.S.C. § 2050(b)(3).

_____s/_____
STANLEY R. CHESLER
United States District Judge